IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| SIDNEY MOCK, | |
|     Plaintiff, | |
| | CIVIL ACTION NO. _____ |
| vs. | |
| REC MARINE LOGISTICS, REC BOATS, LLC, and ALLIED SHIPYARD, INC. | JURY TRIAL REQUESTED |
|     Defendants. | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

**SIDNEY MOCK**, hereinafter called Plaintiff, complains of REC Marine Logistics, REC Boats, LLC, and Allied Shipyard, Inc. and for cause of action shows:

### I.

### PARTIES

1. Plaintiff is an individual residing in Cameron County, Texas.

2. Defendant REC Marine Logistics is a corporation organized and existing under the laws of the State of Louisiana. The Defendant's principal office is located at 15360 Highway 3235, Cut Off, Louisiana 70345. The Defendant may be served with service of process by serving its registered agent Ronald Elie Chaddock at 15360 Highway 3235, Cut Off, Louisiana 70345.

3. Defendant REC Boats, LLC is a limited liability company organized and existing under the laws of the State of Louisiana. The Defendant may be served with service of process by serving its registered agent Ronald E. Chaddock at 110 Lac Felicity, Drive, Luling, Louisiana 70070.

4. Defendant Allied Shipyard, Inc., is a corporation organized and existing under the laws of the State of Louisiana. The Defendant's principal office is located at 310 Ledet Lane, Larose, Louisiana 70373. The Defendant may be served with service of process by serving either of its registered agents: Gavin P. Callais at 114 W. 110th Street, Cut Off, Louisiana 70345, or Lee A. Callais at 11872 Highway 308, Larose, Louisiana, 70373.

II.

**JURISDICTION & VENUE**

5.     Plaintiff brings this action pursuant to the common law of the State of Louisiana and 46 U.S.C. §30104, *et. seq.* commonly known as the Jones Act and the General Maritime Law.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, *et. seq.* and over all Defendants, which reside and conduct business in Louisiana.

6.     Pursuant to 28 U.S.C. §1391, venue is proper in the Eastern District of Louisiana as the defendants are residents of the State of Louisiana and all or a substantial part of the events or omissions giving rise to the claims occurred within this district.

III.

**FACTUAL BACKGROUND**

7.     At all times material, Sidney Mock was employed as a Captain, working within the scope and course of his employment as a seaman and in the furtherance of the service of the vessel, the Jacob Gerald.  REC Marine Logistics was the employer of Sidney Mock and the operated of the M/V Jacob Gerald. REC Boats, LLC was the owner of the M/V Jacob Gerald, a utility vessel.

8.     On or about February 16, 2014, the M/V Gerald Jacob was docked at the Allied Shipyard in Larose, Louisiana.  Allied Shipyard provided electricity to the vessel while it was docked.  Sidney Mock was in the engine room of the Gerald Jacob.  While working in the engine room, the shore power running to the Gerald Jacob was negligently shut off.  In the ensuing darkness, Sidney Mock struck his right leg and knee on a piece of angle iron extending from the vessel bilge.

9.     Mr. Mock was seen by a physician who initially diagnosed a right knee strain. Mr. Mock returned to his home in Port Isabel, Texas to recuperate.  The pain in his knee did not decrease.  Mr. Mock returned to his doctor for an MRI.  The MRI confirmed that Mr. Mock had a torn meniscus and torn ACL.  In the summer of 2014 he underwent surgery to repair the injuries.

IV.

## UNSEAWORTHINESS CLAIM

10. REC Marine Logistics and REC Boats LLC breached their absolute, non-delegable duty to provide plaintiff with a safe and seaworthy vessel on which to work, in one or more of the following particulars, singularly or in combination:

   a. In failing to warn Sidney Mock that the shore power was going to be shut off;

   b. In failing to mark the angle iron so it would be visible;

   c. In failing to provide adequate lighting of the engine room;

   d. In failing to maintain the vessel and its appurtenances in a seaworthy condition and reasonable state of repair;

   e. In failing to take reasonable precautions for plaintiff's safety; and

   f. In failing to provide capable workers and a reasonably safe place for plaintiff to work.

11. The failure of the defendants in each of the above items rendered the vessel Jacob Gerald unseaworthy and not reasonably fit for its intended use at the time of Plaintiff's injuries. The failure to provide plaintiff with a seaworthy vessel was a proximate cause of his injuries and resulting damages.

## V.

## NEGLIGENCE OF REC DEFENDANTS

12. The occurrence described above and the resulting injuries to plaintiff were the result of the negligence of REC Marine Logistics and REC Boats, LLC and their agents, servants, and employees in one or more of the following particulars, singularly or in combination:

   a. The failure to maintain the vessel and its appurtenances in a seaworthy condition and reasonable state of repair;

   b. The failure to take reasonable precautions for plaintiff's safety;

   c. The failure to provide capable workers and a reasonably safe place for plaintiff to work;

   d. The failure to warn Sidney Mock that the shore power was going to be shut off;

   e. The failure to mark the angle iron so it would be visible; and

    f.   The failure to provide adequate lighting of the engine room.

13.    Plaintiff alleges that the injuries and damages sustained by him were proximately caused in whole or in part by one or more of the foregoing negligent acts and omissions of the defendants or their agents, servants, and employees.

## VI.

## NEGLIGENCE OF ALLIED SHIPYARD

14.    The occurrence described above and the resulting injuries to plaintiff were the result of the negligence of Allied Shipyard, Inc. and their agents, servants, and employees in one or more of the following particulars, singularly or in combination:

    a.   The failure to provide uninterrupted power to the vessel;

    b.   The failure to take reasonable precautions for plaintiff's safety;

    c.   The failure to provide capable workers and a reasonably safe place for plaintiff to work; and,

    d.   The failure to warn Sidney Mock that the shore power was going to be shut off.

15.    Plaintiff alleges that the injuries and damages sustained by him were proximately caused in whole or in part by one or more of the foregoing negligent acts and omissions of the defendant or their agents, servants, and employees.

## VI.

## DAMAGES

16.    Prior to the incident, Plaintiff was a strong able-bodied person, capable of earning and actually earning in excess of $75,000.00 per year, plus fringe benefits. As a result of the foregoing injuries, Sidney Mock has suffered the loss of ability to work in his profession and in reasonable medical probability is totally and permanently disabled from pursuing the work he has done his entire adult life.

17.    Sidney Mock's injuries as a result of the incidents described above include, but are not limited to the following: torn right meniscus and torn anterior cruciate ligament.

18.     Plaintiff has incurred a loss of wages and fringe benefits in the past and will incur into the future a loss of wage earning capacity and fringe benefits.

19.     The injuries sustained by plaintiff have caused pain, suffering, mental anguish and a loss of life's pleasures in the past.  These damages will continue into the future for the remainder of plaintiff's life.

20.     As a seaman injured aboard defendants' vessel plaintiff is entitled to reasonable maintenance, care, and cure for the period that he has been unable to work and has not achieved maximum medical improvement in the past.  Further, plaintiff is entitled to maintenance, care, and cure in the future.

## VII.

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.

## PRAYER

For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer and that plaintiff be awarded judgment against defendants, jointly and severally for the following:

1. Judgment against defendants for a sum within the jurisdictional limits of the Court;
2. Maintenance and cure benefits in the past and future;
3. Prejudgment interest as provided by law;
4. Post judgment interest as provided by law;
5. Costs of suit; and
6. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

**THE SHELTON LAW FIRM**

By:     __/S/ Michael E. Shelton_____
Michael E. Shelton
Louisiana State Bar No. 12003

                                        Texas State Bar No. 18208500  
                                        Federal I.D. No. 2152  
                                        2777 Allen Parkway, 14th Floor  
                                        Houston, Texas 77019  
                                        713-807-0700 Telephone  
                                        713-400-4086 Facsimile  
                                        Email:  mshelton@shelton.law.pro  

                                        **ATTORNEY FOR PLAINTIFF**