#1127004                                                                                                          0584-20043

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIDNEY MOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:15-cv-01214** |
| **REC MARINE LOGISTICS, REC BOATS, LLC, AND ALLIED SHIPYARD, INC.** | **JUDGE NANNETTE JOLIVETTE BROWN** |
| | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| | **Jury Trial Requested** |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC (REC Marine), and REC Boats, LLC (REC Boats), and in response to the Complaint of the plaintiff, Sidney Mock, respectfully aver as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against REC Marine or REC Boats upon which relief can be granted.

### SECOND DEFENSE

REC Marine and REC Boats aver that plaintiff's claim is barred by the applicable statute of limitations and/or prescription and/or laches.

## **THIRD DEFENSE**

AND NOW, in response to the specific allegations of plaintiff's Complaint, REC Marine and REC Boats aver as follows:

I.

The allegations contained in Section I, Paragraph 1 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Section I, Paragraph 2 of plaintiff's Complaint are denied as written.

III.

The allegations contained in Section I, Paragraph 3 of plaintiff's Complaint are admitted.

IV.

The allegations contained in Section I, Paragraph 4 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Section II, Paragraph 5 of plaintiff's Complaint contain legal conclusions which require no response on the part of REC Marine or REC Boats.  To the extent a response is deemed necessary, the allegations of Section II, Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Section II, Paragraph 6 of plaintiff's Complaint contain legal conclusions which require no response on the part of REC Marine or REC Boats. To the extent a response is deemed necessary, the allegations of Section II, Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Section III, Paragraph 7 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Section III, Paragraph 8 of plaintiff's Complaint are denied.

IX.

The allegations contained in Section III, Paragraph 9 of plaintiff's Complaint are denied.

X.

The allegations contained in Section IV, Paragraph 10 of plaintiff's Complaint are denied.

XI.

The allegations contained in Section IV, Paragraph 11 of plaintiff's Complaint are denied.

XII.

The allegations contained in Section V, Paragraph 12 of plaintiff's Complaint are denied.

XIII.

The allegations contained in Section V, Paragraph 13 of plaintiff's Complaint are denied.

XIV.

The allegations contained in Section VI, Paragraph 14 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Section VI, Paragraph 15 of plaintiff's Complaint are denied to the extent that they pertain to REC Marine or REC Boats, and otherwise denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Section VII (erroneously labeled as Section VI), Paragraph 16 of plaintiff's Complaint are denied.

XVII.

The allegations contained in Section VII (erroneously labeled as Section VI), Paragraph 17 of plaintiff's Complaint are denied.

XVIII.

The allegations contained in Section VII (erroneously labeled as Section VI), Paragraph 18 of plaintiff's Complaint are denied.

XIX.

The allegations contained in Section VII (erroneously labeled as Section VI), Paragraph 19 of plaintiff's Complaint are denied.

XX.

The allegations contained in Section VII (erroneously labeled as Section VI), Paragraph 20 of plaintiff's Complaint are denied.

XXI.

Plaintiff's jury demand requires no response on the part of REC Marine or REC Boats.

## **FOURTH DEFENSE**

**AND NOW**, further answering the plaintiff's Complaint, REC Marine and REC Boats deny the allegations of any unnumbered or misnumbered paragraphs, and any allegations contained therein which have not already been addressed, as well as any and all allegations contained in the prayer for relief.

## **FIFTH DEFENSE**

While at all times specifically denying any and all fault, negligence and/or responsibility, REC Marine and REC Boats allege and aver that any injuries allegedly sustained by the plaintiff were solely and proximately caused by the plaintiff's own fault, negligence and/or assumption of risk, and recovery is defeated or mitigated.

## **SIXTH DEFENSE**

In the alternative, the incident made the basis of this lawsuit and the damages allegedly sustained by plaintiff were neither caused nor contributed to by REC Marine or REC Boats or anyone for whom REC Marine or REC Boats may be responsible, but rather resulted from a fortuitous event as that term is defined by law.

**SEVENTH DEFENSE**

Further answering in the alternative, REC Marine and REC Boats would show that if plaintiff sustained any damages, which is denied, such damages were the result of an unavoidable accident, an act of God, or similar conditions.

**EIGHTH DEFENSE**

In the further alternative, REC Marine and REC Boats aver that the matter made the basis of this lawsuit and any damages allegedly suffered by the plaintiff were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom REC Marine and REC Boats exercised no control or supervision and for whom REC Marine and REC Boats have no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the even that it is determined that Plaintiff is entitled to recover from REC Marine and/or REC Boats, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**NINTH DEFENSE**

In the further alternative, and only in the event that plaintiff establishes liability on the part of REC Marine or REC Boats or any other party for whom it would be responsible, which is specifically denied, REC Marine and REC Boats aver that the plaintiff was contributorily and comparatively negligent and recovery is defeated or mitigated.

**TENTH DEFENSE**

Plaintiff's present and/or prospective medical, physical and/or mental condition(s) are not the result of any accident or incidents as described in Plaintiff's Complaint, but rather pre-existed or occurred prior to, or subsequent to, the alleged accident described in the Complaint.

**ELEVENTH DEFENSE**

REC Marine and REC Boats aver that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWELFTH DEFENSE**

REC Marine and REC Boats aver that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**THIRTEENTH DEFENSE**

REC Marine and REC Boats aver that the M/V JACOB GERALD was at all pertinent times seaworthy and fit for the service in which it was engaged.

**FOURTEENTH DEFENSE**

REC Marine and REC Boats allege and aver that they are entitled to exoneration or limitation of their liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should they be held liable unto plaintiff in any regard, which is specifically denied.  REC Marine and REC Boats in no way waive their right to pursue exoneration or limitation as a defense in any subsequent proceeding in this or any other court of competent jurisdiction and venue.

## **FIFTEENTH DEFENSE**

REC Marine and REC Boats reserve the right to amend and/or supplement this Answer to plaintiff's Complaint as necessary.

**WHEREFORE**, REC Marine Logistics, LLC and REC Boats, LLC, pray that this, their Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in REC Marine's and REC Boats' favor and against plaintiff, dismissing plaintiff's Complaint at his cost, and that REC Marine Logistics, LLC and REC Boats, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

/s/ *Salvador J. Pusateri*
SALVADOR J. PUSATERI, T.A. (#21036)
KYLE A. KHOURY (#33216)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Attorneys for REC Marine Logistics, LLC and
REC Boats, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

       */s/ Salvador J. Pusateri*